**TEXAS PEACE OFFICERS ASSOCIATION, Ernest Boyd, Sr., and Clifford Simmons, individually and on Behalf of a Similarly Situated Class of Persons**

v.

**CITY OF GALVESTON, TEXAS.**

Civil Action No. G–96–341.

United States District Court,
S.D. Texas,
Galveston Division.

Oct. 31, 1996.

Anthony P. Griffin, Galveston, TX, for plaintiffs.

Carla Jean Cotropia, Mills Shirley Eckel & Bassett, Galveston, TX, for defendant.

### *ORDER*

KENT, District Judge.

Plaintiffs commenced this action under Title VI and Title VII of the Civil Rights Act of 1964, alleging discrimination in the employment setting by Defendant, City of Galveston, Texas. Now before the Court is Defendant's Motion for Judgment on the Pleadings of October 1, 1996 in which Defendant requests that the Court dismiss this cause of action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, Defendant's Motion for Judgment on the Pleadings is **GRANTED IN PART** and **DENIED IN PART.**

In its Motion, Defendant argues that this cause of action should be dismissed in its entirety because both individual Plaintiffs and the organizational Plaintiff lack standing to bring this suit. As to the individual Plaintiffs, Defendant contends that they lack standing because they have suffered no individualized harm as a result of the alleged

discriminatory conduct by Defendant. To support this contention, Defendant points to the fact that both African American Plaintiffs were hired by Defendant and attained the ranks of Captain and Sergeant. Moreover, Defendant argues that the Complaint lacks allegations as to these specific Plaintiffs regarding discrimination in the discipline and promotion process and disparate treatment in the terms and conditions of employment. The Court disagrees. The Complaint contains sufficient allegations of discrimination in the employment setting against these individual Plaintiffs to invest them with standing to pursue this action. Therefore, the Court **DENIES IN PART** Defendant's Motion for Judgment on the Pleadings.

The Court does agree, however, with Defendant that Plaintiff Texas Peace Officers Association ("TPOA") lacks standing to bring this suit. The Court recognizes that, in the abstract, organizations have standing to sue, either on their own behalf or on behalf of their members. *Warth v. Seldin*, 422 U.S. 490, 511, 95 S.Ct. 2197, 2211–12, 45 L.Ed.2d 343 (1975); *Sierra Club v. Morton*, 405 U.S. 727, 739, 92 S.Ct. 1361, 1368, 31 L.Ed.2d 636 (1972). The Original Complaint is not clear as to whether TPOA is suing on behalf of its members or on its own behalf for injury to its own rights and interests. Thus, for the sake of completeness, the Court will address both types of standing.

■ In certain circumstances, associations and organizations may sue on behalf of their members for injury to their members. The Court recognizes this type of representational standing as a beneficial and effective device for certain kinds of expensive litigation, which individuals would not be able to pursue on their own. However, the Court finds that when Congress has created a remedy for individuals and provided for the awarding of attorneys fees to litigants as it has under Title VII, this type of representational litigation is neither necessary nor appropriate. Beyond these considerations, however, the Court is not convinced that TPOA would meet the specific requirements to bring suit

on behalf of the individual Plaintiffs in this case even if this were a case appropriate for representational litigation.

■ The Supreme Court has developed a three-part test for determining when an association has standing to bring suit on behalf of its members. An association has "associational standing" when: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977). The Court finds that Plaintiff TPOA fails to meet this test for several reasons. Nowhere in their Complaint do Plaintiffs assert that the two individual police officers that were allegedly discriminated against are members of TPOA. Plaintiffs do allege in their Response to Defendant's Motion for Judgment on the Pleadings that individual Plaintiff Ernest Boyd, Jr. was president of TPOA at the time this suit was filed. Plaintiffs further assert that "Ernest Lemon" was also a member of TPOA at the time this suit was filed. Ernest Lemon is not a named plaintiff in this suit, so the Court fails to see the relevance of this person being a member of TPOA. Plaintiffs request leave to "amend their pleadings to clearly state the authority by which the organization addresses their complaints" in the case. With some genuine irritation, the Court **DENIES** Plaintiffs' request to amend their pleadings to develop their claim of associational standing. The requirements of associational standing are clearly set out in voluminous case law and were recently discussed at length in an opinion of this Court addressing an unrelated action brought by instant counsel. If Plaintiffs' counsel made even a cursory perusal of this law, he could easily craft suitable pleadings to make an allegation of associational standing that would pass muster with this Court.[1] As it is, Plaintiffs fail to plead the most basic requirement of associa-

---

1. Frankly, the Court is sick and tired of doing Plaintiffs' counsel's homework regarding applicable law and then having counsel demand the benefit of this work to amend his initial, incompetent pleadings.

tional standing—that individual Plaintiffs are members of the organization.

Under the most basic logic, an organization cannot sue under an associational standing theory if the aggrieved parties are not members of the organization. Moreover, the Court finds that under the third prong of the *Hunt* test, the participation of the individual Plaintiffs is required in this lawsuit because of the individualized nature of discrimination cases and because of the nature of the relief sought in the case. Thus, for the aforementioned reasons, the Court finds that Plaintiff TPOA does not have standing in this case on an associational standing theory.

Because TPOA lacks representational standing, it must demonstrate that it has standing on its own behalf. To establish standing, a plaintiff must show that he has suffered an injury in fact that is concrete and particularized, that such injury is traceable to the conduct of the defendant, and that such injury is redressable by the Court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992); *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). Plaintiff TPOA has failed to satisfy the most basic requirement of this test, namely that it suffered an injury at all. Nowhere in the Complaint is there an allegation of injury to TPOA nor is there any indication of how TPOA is even related to the individual Plaintiffs. The factual recitation in the Complaint describes alleged discrimination against the two individual Plaintiffs and other individuals but makes no mention whatsoever of TPOA. Indeed, the only time TPOA is mentioned in the Complaint, except in the case caption, is in the section identifying and describing the Plaintiff. In this section of the Complaint, the TPOA is described, as stated above, as "a voluntary organization/association concerned with the betterment of opportunity, the assurance of equality and job opportunities for persons of African American heritage who are, desire to be, and/or who were previously in law enforcement in the State of Texas." (Plaintiffs' Original Complaint, at 2). Even if this description is intended to illustrate TPOA's interest in the case, it fails to illuminate an injury in fact to TPOA. An injury to TPOA's "'abstract social interests' is too intangible to justify standing." *Cleburne Living Center, Inc. v. City of Cleburne*, 726 F.2d 191, 203 (5th Cir.1984).

The Court finds that Plaintiff TPOA has completely failed to show any injury to it resulting from the Defendant's alleged discriminatory treatment of the two individual Plaintiffs. Furthermore, TPOA itself suffered no discrimination in the employment setting because it, as an organization, is neither an employee of the Defendant nor an "individual" protected from unlawful employment practices under Title VII. *See* 42 U.S.C.A. § 2000e–2(a)(1) (West 1994) (stating that it is unlawful for an employer to "discriminate against any *individual* with respect to his compensation, terms, conditions, or privileges of employment, because of such *individual*'s race, color, religion, sex, or national origin.") (emphasis added). For these reasons, the Court finds that Plaintiff TPOA has no standing to bring this action against the Defendant. Therefore, given the totality of the circumstances, Defendant's Motion for Judgment on the Pleadings is **GRANTED IN PART.**

As part of their Response to Defendant's Motion for Judgment on the Pleadings, Plaintiffs request a six-month abatement of this action to file complaints with the EEOC for fifteen other individuals allegedly discriminated against by Defendant in order to add these individuals to this case. In the alternative, Plaintiffs request permission to amend their pleadings to add these fifteen individuals. The Court DENIES both of these requests. This case is, and will remain, a straightforward discrimination case brought by two individual police officers, and any timeline set by this Court will be followed without fail.

■ Although Defendant does not specifically request it in its Motion for Judgment on the Pleadings, the Court sua sponte **DISMISSES WITH PREJUDICE** all Title VI claims in this case, including those brought by the individual Plaintiffs and TPOA. Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be

subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C.A. § 2000d (West 1994). It is axiomatic that in order to recover under this provision against a defendant, it must be proved that the defendant is a recipient of Federal financial assistance. *See, e.g., National Ass'n of Gov't Employees v. City Public Svc. Bd.,* 40 F.3d 698, 706 n. 9 (5th Cir.1994) ("A cause of action under Title VI requires (1) that the defendant have received federal financial assistance the primary objective of which is to provide employment (2) that was applied by the defendant to discriminatory programs or activities."); *Association Against Discrimination in Employment, Inc. v. City of Bridgeport,* 647 F.2d 256, 276 (2d Cir.1981) ("[F]or a claimant to recover under Title VI against an employer for discriminatory practices, a threshold requirement is that the employer be the recipient of federal funds aimed primarily at providing employment."), *cert. denied,* 455 U.S. 988, 102 S.Ct. 1611, 71 L.Ed.2d 847 (1982).

The Court finds that this requirement would be hard to meet in this case given the fact that Plaintiffs fail to even *allege* that Defendant City of Galveston is a recipient of Federal financial assistance. In the Original Complaint, no mention is made of this threshold requirement of Title VI. Rather, Plaintiffs merely *cite* Title VI in the jurisdiction section and offer no explanation for its applicability in this case. The Court finds this paucity in pleading typical of Plaintiffs' counsel's work in this and other cases before this Court. This Court has no idea whether the City of Galveston is a recipient of Federal financial assistance so as to qualify it as a proper defendant under Title VI, and it is not incumbent on this Court to ferret out this fact. That is the job of Plaintiffs' counsel. For these reasons, the Court finds that Plaintiffs fail to state a claim under Title VI and therefore **DISMISSES WITH PREJUDICE** all Title VI claims by the individual Plaintiffs and TPOA. As stated above, this case is, and will remain, a straightforward discrimination case brought by two individual police officers under Title VII alone.

In their Original Complaint, Plaintiffs expressed an intention to bring this action on behalf of a class of African American police officers. In its Original Answer, Defendant expressed its opposition to this case being litigated as a class action. While Plaintiffs have not formally moved for class action certification, the Court has decided to consider the issue on its own initiative and sua sponte **DENIES** class certification in this case. The Court finds no identifiable class and emphasizes that discrimination cases turn on individual facts, making them especially unsuitable for certification as class actions.

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Judgment on the Pleadings. Accordingly, all claims brought by Plaintiff TPOA against Defendant are **DISMISSED WITH PREJUDICE.** The Court **DENIES** Plaintiffs' request for an abatement, or in the alternative, permission to amend their pleadings. The Court **DISMISSES WITH PREJUDICE** all Title VI claims by all Plaintiffs. Furthermore, the Court on its own motion **DENIES** class certification. The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file nothing further on these issues in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**